## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Michael Patrick Keefe,
an individual,

            09-CV-2941 JMR/SRN

       Plaintiff,

vs.

City of Minneapolis, and Tim Dolan,
Minneapolis Chief of Police,
personally and in his official capacity,

       Defendants.

**JOINT ANSWER OF CITY OF
MINNEAPOLIS AND TIM DOLAN
TO PLAINTIFF'S FIRST AMENDED
COMPLAINT**

**JURY TRIAL DEMANDED**

_____

Defendants City of Minneapolis and Minneapolis Chief of Police Timothy Dolan, for their Joint Answer to Plaintiff's First Amended Complaint, state and allege as follows:

Except as admitted or otherwise pleaded herein, Defendants deny every allegation, matter and thing in Plaintiff's First Amended Complaint and put Plaintiff to his strict proof thereof.

### <u>INTRODUCTION</u>

1. Defendants admit upon information and belief that Plaintiff seeks to bring his First Amended Complaint citing the legal relief set forth in paragraph 1 of the First Amended Complaint, but deny that any such relief is appropriate in this matter.

2.     Admit that the allegations in this lawsuit relate generally to the time during and after Plaintiff's assignment to the Minneapolis Police Department's Violent Offender Task Force ("VOTF") as alleged in paragraph 2 of the First Amended Complaint.

3.     Admit that the allegation in paragraph 3 of the First Amended Complaint that Plaintiff held the rank of Lieutenant during his tenure on the VOTF.  Admit that Plaintiff has worked for the Minneapolis Police Department since June 1991.

## PARTIES

4.     Are without sufficient information to admit or deny allegations in paragraph 4 of the First Amended Complaint.

5.     Deny the allegation of paragraph 5 of the First Amended Complaint that Plaintiff was demoted on September 28, 2009, to sergeant.  State instead that Plaintiff's demotion was effective September 27, 2009.  Deny the allegation in paragraph 5 that his demotion was based upon his good faith reports of internal police corruption and misconduct, as alleged in paragraph 5 of the First Amended Complaint.

6.     Admit the allegation in paragraph 6 of the First Amended Complaint that Plaintiff has claimed to have heard racially discriminatory acts, or statements, by MPD officers.  State the allegation in paragraph 6 of the First

Amended Complaint that the reports are protected under Minnesota and federal law is a legal conclusion to which no responsive pleading is required. Are without sufficient information to admit or deny the allegation in paragraph 6 that Plaintiff was a citizen of the United States and a natural person residing in the State of Minnesota, County of Dakota, at pertinent times in this lawsuit, as alleged in paragraph 6 of the First Amended Complaint.

7. Admit the allegations in paragraph 7 of the First Amended Complaint that the City of Minneapolis is a political entity subject to suit under 42 U.S.C. § 1983, that the City is the employer of Defendant Dolan and other police officers, and that the City is a defendant named in this lawsuit. The remaining allegations in paragraph 7 of the First Amended Complaint are legal conclusions to which no responsive pleading is necessary.

8. Admit the allegation in paragraph 8 of the First Amended Complaint that Defendant Tim Dolan is the Minneapolis Police Chief. Admit the allegation in paragraph 8 that Dolan has the duties and responsibilities of supervising, training and disciplining Minneapolis police officers. States that the allegation in paragraph 8 relating to "Defendant officers herein," is unintelligible because there are no officers besides Chief Dolan named as Defendants.

9.     State that the allegations in paragraph 9 of the First Amended Complaint are too vague as to time and identity for Defendants to be able to respond accurately.

10.     Admit that, as to the allegations in paragraph 10 of the Complaint, certain facts alleged in the Complaint relate to an investigation that occurred, in part, during Plaintiff's leadership of the VOTF.

11.     Admit the allegation in paragraph 11 of the First Amended Complaint that VOTF members were actively involved in the arrest and investigation of alleged gang member Taylor Trump.  Deny the allegation that Taylor Trump "proffered" to VOTF members any information at the meeting described in paragraph 11 of the First Amended Complaint.  Admit upon information and belief that Trump did claim to identify approximately six Minneapolis police officers that were engaged in illegal activity with Trump.

12.     Admit the allegation in paragraph 12 of the First Amended Complaint that the VOTF's investigation ultimately lead to the indictment and prosecution of former MPD Officer Mike Roberts on federal charges.  Admit that Officer Roberts ultimately pled guilty to federal tax evasion charges after the commencement of his trial.  Admit the allegation in paragraph 12 that Trump sought to implicate other officers, including Lieutenant Lee Edwards, but that no prosecution of Lieutenant Edwards eventuated at that time.

13.    Admit the allegation in paragraph 13 of the First Amended Complaint that in an interview, Trump named Lieutenant Richard Thomas, Sergeant Kelvin (not Kevin) Pulphus, Officer Tony Adams, and Officer Craig Stoddard.  Deny the allegation in paragraph 13 that four of the six officers named were African Americans, but admit that two were Caucasian.  Are without sufficient information to admit or deny the balance of the allegations in paragraph 13 of the First Amended Complaint because they relate to what Plaintiff knew or believed.

14.    Are without sufficient information to admit or deny the allegation in paragraph 14 of the First Amended Complaint relating to what Plaintiff was concerned about.  As to the allegations in paragraph 14 that the VOTF declined to use a photo lineup procedure, or that Trump was later "plainly unclear" about particular facts, these Answering Defendants are without sufficient information to admit or deny these allegations.

15.    Admit upon information and belief the allegation in paragraph 15 of the First Amended Complaint that Trump referred to one officer in an interview as the "Mayor's driver."  Are without sufficient information to admit or deny the balance of the allegations set forth in paragraph 15 of the Complaint.

16.    Admit the allegation in paragraph 16 that Plaintiff had requested that Sergeants Chris Thompsen and Scott Larson be assigned to the VOTF.  Are

without sufficient information to admit or deny the balance of the allegations in paragraph 16 of the First Amended Complaint.

17.    Are without sufficient information to admit or deny the allegations in paragraph 17 of the First Amended Complaint.   As to the allegations in paragraph 17 that relate to what Plaintiff believed or knew, those are facts which these Answering Defendants cannot admit or deny.

18.    Are without sufficient information to admit or deny the allegation set forth in paragraph 18 of the First Amended Complaint.

19.    Are without sufficient information to admit or deny the allegations in paragraph 19 of the First Amended Complaint.

20.    As to the allegations in paragraph 20 of the First Amended Complaint that relate to what Plaintiff was told, what Plaintiff believed, or what Plaintiff knew, Defendants are without sufficient information to admit or deny them.   Are without sufficient information to admit or deny the balance of the allegations set forth in paragraph 20 of the First Amended Complaint.

21.    Are without sufficient information to admit or deny the allegations in paragraph 21 of the First Amended Complaint.

22.    Are without sufficient information to admit or deny the allegations in paragraph 22 of the First Amended Complaint.

23.     Are without sufficient information to admit or deny the allegations in paragraph 23 of the First Amended Complaint.  As to the allegations in paragraph 23 of the First Amended Complaint that relate to the information known or believed by Plaintiff at a particular time, those are facts which these Answering Defendants cannot admit or deny.

24.     Are without sufficient information to admit or deny the allegations in paragraph 24 of the First Amended Complaint.

25.     Are without sufficient information to admit or deny the allegations in paragraph 25 of the First Amended Complaint.

26.     Admit the allegation in paragraph 26 of the First Amended Complaint that the 35W bridge collapsed on August 1, 2007.  Deny the allegation in paragraph 26 of the First Amended Complaint that Chief Dolan told Plaintiff that all VOTF personnel were off the case with the exception of Sergeant Snyder and Wente.   Deny the allegation in paragraph 26 of the First Amended Complaint that Officer Peterson was temporarily taken off the case.  Admit the allegation in paragraph 26 that Chief Dolan informed Plaintiff that Dolan would be communicating directly with the FBI.

27.     Admit the allegation in paragraph 27 of the First Amended Complaint that vast numbers of officers on the Minneapolis Police Department were highly occupied over the next several days because of the bridge collapse.

Admit the allegation in paragraph 27 of the First Amended Complaint that there was an order on overtime issued restricting officers overtime, but deny the that the order excluded members of the VOTF.

28.    Are without sufficient information to admit or deny the allegation in paragraph 28 of the First Amended Complaint that Trump was involved in the operation that lead to the indictment of Officer Mike Roberts, on August 9, 2007. Admit the allegation in paragraph 28 that Plaintiff was transferred from his VOTF assignment on August 13, 2007.  Deny the allegation that Chief Dolan removed all but four VOTF officers from the public corruption investigation at that time.  Deny the allegation in paragraph 28 that Plaintiff was offered a promotion to Licensing.  Admit the allegation in paragraph 28 that Plaintiff did not want to transfer to Licensing and was then assigned to the 3rd Precinct.  Are without sufficient information to admit or deny whether Plaintiff advised his unit of Trump's perceived lack of credibility as alleged in paragraph 28 of the First Amended Complaint.

29.    Admit the allegation in paragraph 29 of the First Amended Complaint that Chief Dolan was out of the City at the time that Plaintiff was transferred from the VOTF.  Admit the allegation in paragraph 29 that Plaintiff met with Dolan on August 20, 2007.  Deny the allegation in paragraph 29 of the Complaint that Dolan "receded" from any "claims" at that meeting.  State that the

remaining allegations in paragraph 29 are unintelligible and incapable of a responsive pleading. Deny in any case that Plaintiff was removed from the VOTF for any improper reason, and deny that Plaintiff was transferred as retaliation for any "whistleblower" type reports.

30.     Are without sufficient information to admit or deny the allegations in paragraph 30 of the First Amended Complaint.

31.     Deny the allegations in paragraph 31 of the First Amended Complaint.

32.     State that the allegations in paragraph 32 of the Complaint relating to the sustaining of a non-specific Internal Affairs complaint is too vague for Defendants to admit or deny. Deny the allegation in paragraph 32 of the First Amended Complaint that Dolan himself sustained any 2008 Internal Affairs Unit complaint against Plaintiff during or after April 2009. Deny the allegation in paragraph 32 that any complaint was sustained against Plaintiff in an effort to chill, deter, or retaliate against Plaintiff for his expressed views regarding the Trump investigation and his potential testimony at the Roberts trial, as alleged in paragraph 32 of the First Amended Complaint.

33.     Are without sufficient information to admit or deny the allegation in paragraph 33a that Plaintiff submitted a written complaint with the United States Department of Justice on April 22, 2009. Are without sufficient information to

admit or deny that Plaintiff advised his superior officer and supervisor Lucy Gerold, about his complaint to the United States Department of Justice.

33b.   State that as to the allegation in paragraph 33b of the First Amended Complaint, that on 5/1/09 Plaintiff received notice that Dolan sustained "certain IAD complaint against him in 2008," the allegation is too vague for Defendants to admit or deny.  Deny the balance of the allegations in paragraph 33b.

33c.   Are without sufficient information to admit or deny the allegation in paragraph 33c. of the First Amended Complaint that Plaintiff received an interoffice subpoena on May 1, 2009.  Deny the allegation in paragraph 33c. that Dolan learned of the existence of the subpoena from Patrick Marzitelli before May 1, 2009.

33d.   Admit upon information and belief the allegation in paragraph 33d. of the First Amended Complaint, to the extent that it means that Plaintiff was put on paid administrative leave.

33e.   Are without sufficient information to admit or deny the allegations in paragraph 33e.

34.   Deny the allegation in paragraph 34 of the First Amended Complaint that Plaintiff was demoted on September 28, 2008.  State that Plaintiff was demoted to Sergeant effective September 27, 2009.  Deny the allegation in paragraph 34 of the First Amended Complaint that Plaintiff was placed on a

"vague and nonspecific" performance improvement plan, but admit that Plaintiff has been placed on a performance improvement plan.

35.    Deny the allegation in paragraph 35 of the First Amended Complaint that the performance improvement plan Plaintiff was placed in was intended to create a framework for Plaintiff's potential demotion, suspension or discharge.  Deny the allegation in paragraph 35 that Plaintiff reported and took action as commander of the VOTF to discipline or report racially based comments by any officers to his superiors.  State that any "report" to his superiors was made after he was transferred from the VOTF.  Deny the allegation in paragraph 35 that Plaintiff suffered hostility and reprisal based on alleged reports of discriminatory conduct.  Admit generally that Plaintiff had claimed that certain racially charged and racially motivated statements were made, but deny that any of those allegations were ever sustained after investigations of the same

36.    Deny the allegations of paragraph 36 of the First Amended Complaint.

<h2 style="text-align:center"><u>CAUSES OF ACTION</u></h2>

<h3 style="text-align:center">I.  WHISTLEBLOWER CLAIMS</h3>

37.    State that the allegations in paragraph 37 of the First Amended Complaint require no responsive pleading.

11

38.     Deny the allegations in paragraph 38 of the First Amended Complaint.

39.     Deny the allegations in paragraph 39 of the First Amended Complaint.

40.     Deny the allegations in paragraph 49 of the First Amended Complaint.

41.     Deny the allegations in paragraph 41 of the First Amended Complaint.

42.     Deny the allegations in paragraph 42 of the First Amended Complaint.

## II.  MHRA REPRISAL

43.     The allegations in paragraph 43 of the First Amended Complaint require no responsive pleading.

44.     Deny the allegations in paragraph 44 of the First Amended Complaint.

45.     Deny the allegations in paragraph 45 of the First Amended Complaint.

46.     Deny the allegations in paragraph 46 of the First Amended Complaint.

## III.  INVASION OF PRIVACY

47.    The allegations in paragraph 47 of the First Amended Complaint require no responsive pleading.

48.    Deny the allegations in paragraph 48 of the First Amended Complaint.

49.    Admit the allegation in paragraph 49 of the First Amended Complaint that Plaintiff was entitled to privacy in his personal effects and personal and private activities.  Admit the allegation in paragraph 49 that Plaintiff should not be subjected to harassment.

50.    Deny the allegation in paragraph 50 of the First Amended Complaint that the Minneapolis Police Department searched Plaintiff's personal possessions, or invaded his privacy in any way including the ways alleged in paragraph 50 of the Complaint.

51.    Deny the allegations in paragraph 51 of the First Amended Complaint.

52.    Deny the allegations in paragraph 52 of the First Amended Complaint.

## IV.  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

53.    The allegations in paragraph 53 of the First Amended Complaint require no responsive pleading.

54.    Deny the allegations in paragraph 54 of the First Amended Complaint.

55.    Deny the allegations in paragraph 55 of the First Amended Complaint.

56.    Deny the allegations in paragraph 56 of the First Amended Complaint.

57.    Deny the allegations in paragraph 57 of the First Amended Complaint.

## V. 42 U.S.C. § 1983

## DUE PROCESS VIOLATIONS

58.    State that the allegations in paragraph 58 of the First Amended Complaint require no responsive pleading.

59.    The allegations in paragraph 59 of the First Amended Complaint are legal conclusions to which no responsive pleading is required.

60.    Deny the allegations in paragraph 60 of the First Amended Complaint.

61.    Deny the allegations in paragraph 61 of the First Amended Complaint.

62.    Deny the allegations in paragraph 62 of the First Amended Complaint.

63.     Deny the allegations in paragraph 63 of the First Amended Complaint.

## VI.     42 U.S.C. § 1983

## MONELL CLAIM

64.     State that the allegations in paragraph 64 of the First Amended Complaint require no responsive pleading.

65.     Deny the allegations in paragraph 65 of the First Amended Complaint.

66.     Deny the allegations in paragraph 66 of the First Amended Complaint.

67.     Deny the allegations in paragraph 67 of the First Amended Complaint.

68.     Deny the allegations in paragraph 68 of the First Amended Complaint.

## VII.  42 U.S.C. § 1986

69.     State that the allegations in paragraph 69 of the First Amended Complaint require no responsive pleading.

70.     Deny the allegations in paragraph 70 of the First Amended Complaint.

71.    Deny the allegations in paragraph 71 of the First Amended Complaint.

72.    Deny the allegations in paragraph 72 of the First Amended Complaint.

## VIII.  42 U.S.C. § 1981

## REPRISAL

73.    State that the allegations in paragraph 73 of the First Amended Complaint require no responsive pleading.

74.    Deny the allegations in paragraph 74 of the First Amended Complaint.

75.    Deny the allegations in paragraph 75 of the First Amended Complaint.

76.    Deny the allegations in paragraph 76 of the First Amended Complaint.

## AFFIRMATIVE DEFENSES

1.    Plaintiff's claims are barred by the applicable statutes of limitations.

2.    The Complaint fails to state a claim upon which relief can be granted.

3.    Failure of service of process as to Defendant Dolan.

4.     Plaintiff's claims are barred by the doctrine of statutory or discretionary immunity.

5.     Plaintiff's injuries and damages, if any, were caused, contributed to, or brought about by Plaintiff's own intentional or negligent acts or the actions of those over whom these Answering Defendants exercise no right of control, and for whose actions these Answering Defendants are not legally responsible.

6.     Plaintiff's injuries and damages, if any, were caused, contributed to, or worsened by Plaintiff's failure to mitigate alleged injuries and/or damages.

7.     Plaintiff's injuries and damages, if any, were caused, contributed to, or brought about by Plaintiff's unlawful, unreasonable or illegal acts.

8.     Liability for tort claims is limited by Minnesota Statute § 466.04.

9.     These Answering Defendants deny that Plaintiff has any right to attorneys fees in this action.

10.     These Answering Defendants claim immunity under Minnesota Statute Chapter 466.

11.     The City of Minneapolis is immune from liability in this action under the provision of Minnesota Statute § 466.03, subd. 5, in that Plaintiff's claim is a claim based upon an act or omission of an officer or employee exercising due care in the execution of a valid or invalid statute, charter, ordinance, resolution, or rule, and that therefore the City of Minneapolis if it is

vicariously liable for any such acts is vicariously immune, and that the other Answering Defendants are also likewise immune.

12.     These Answering Defendants are immune from liability on the supervision from Minnesota Statute § 466.03, subd. 6, in that Plaintiff's claim is a claim based upon the performance or the failure to exercise or perform the discretionary function or duty, whether or not the discretion is abused, and that therefore Defendants are immune.

13.     These Answer Defendants were public officials charged by law with performing duties which required discretionary judgment such that they therefore have official immunity from any liability in this action.

14.     These Answering Defendants allege affirmatively that Plaintiff had knowledge, or in the exercise of reasonable care should have had knowledge, of each of the risks that which Plaintiff complains and allege that if any risk inhered in the situation that gave rise to the Complaint, then Plaintiff voluntarily assumed such risk.

15.     The acts which the Complaint describes were privileged, were based on probable cause to believe Plaintiff committed a criminal offense, were commanded or authorized by law, and were done in the reasonable and lawful manner under the circumstances, such that these Answering Defendants are immune from liability in this action.

16.     The City of Minneapolis is a municipality and is therefore immune from liability for punitive damages.

17.     That any punitive damage claims for state law causes of action are only permitted pursuant to the substantive and procedural law set forth in Minn. Stat. Ch. 549.

18.     That compensatory and punitive damages in a Minnesota Human Rights Act claim are limited specifically by statute.

19.     Plaintiff's federal claims against Defendant Dolan are barred by the doctrine of qualified immunity.

20.     Plaintiff's state law claims are barred by the doctrine of official immunity.

21.     Defendant City of Minneapolis alleges affirmatively that it is a municipality, and therefore said Defendant is immune from liability for claims pursuant to 42 U.S.C. Section 1983 that are based upon the concept of respondeat superior.

22.     The City alleges that Plaintiffs failed to take reasonable action to avoid or mitigate the alleged detriment or damages.

WHEREFORE, these Answering Defendants pray for an Order of this Court as follows:

1.      Dismissing the Plaintiff's First Amended Complaint on its merits and with prejudice.

2.      Awarding these Answering Defendants all of their costs and disbursements as allowed by law, including reasonable attorney's fees.

3.      For such other and further relief as this Court deems just and equitable.

**Jury Trial Demanded**


Dated:  July 23, 2010              SUSAN L. SEGAL
                                   Minneapolis City Attorney


                                   s/James A. Moore
                                   JAMES A. MOORE (16883X)
                                   SARA J. LATHROP (0310232)
                                   Assistant City Attorneys
                                   350 South Fifth Street, # 210
                                   Minneapolis, MN 55415
                                   (612) 673-2063
                                   **Attorneys for Defendants**

ACKNOWLEDGEMENT

The undersigned hereby acknowledges that costs, disbursements, and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. § 549.211 to the party or parties against whom the allegations in this pleading are asserted.

Dated:  July 23, 2010              s/James A. Moore