UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 09-2941(DSD/SER)

Michael Patrick Keefe, an
individual,

        Plaintiff,

v.                                              **ORDER**

City of Minneapolis and Tim
Dolan, Minneapolis Chief of
Police, personally and in
his official capacity,

        Defendants.

This matter is before the court upon the motion by movant Star Tribune Media Company LLC (Star Tribune) (1) to intervene for the limited purpose of seeking public access to court records and (2) for access to specified court records.[1] Defendants City of Minneapolis and Tim Dolan (collectively, defendants) oppose the motion.[2] Based on a review of the file, record and proceedings herein, and for the following reasons, the court grants the motion in part.

The background of this matter is fully set out in previous orders, and the court summarizes only those facts necessary for disposition of the instant motion. On June 16, 2010, the parties

---

[1] The Star Tribune seeks to unseal specified documents. See ECF No. 203, at 1 (identifying ECF Nos. 176, 177, 178, 182, 184, 185, 189, 190 and 198).

[2] Plaintiff Michael Patrick Keefe filed a memorandum in support of the instant motion. See ECF No. 212.

stipulated to a protective order, which designated as confidential "private personnel data about City employees other than Plaintiff and not bearing directly on Plaintiff's claims in this lawsuit." ECF No. 15, at 5. On December 31, 2012, defendants filed a motion for summary judgment. ECF No. 174. In connection with that motion, the parties filed several memoranda, affidavits and declarations under seal. See ECF Nos. 176-78, 182, 184-85, 189-90, 198. On August 16, 2013, in a sealed order, the court granted in part the motion for summary judgment and remanded the remaining state-law claims to Minnesota state court. ECF No. 198. Keefe appealed to the Eighth Circuit. ECF No. 200. On September 26, 2013, the Star Tribune filed the instant motion.

"There is a common-law right of access to judicial records." IDT Corp. v. eBay, 709 F.3d 1220, 1222 (8th Cir. 2013) (citation omitted). "[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents, but ... the right to inspect and copy judicial records is not absolute." Id. (citation and internal quotation marks omitted). "[T]he court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." Id. at 1223 (citation omitted).

2

Here, defendants argue that the documents must remain sealed (1) in order to protect private personnel data, (2) because the documents "relate to unsustained allegations of misconduct against police officers" and (3) because the Star Tribune "likely has a commercial interest in this information because of the controversial nature of the case."[3] Mem. Opp'n 2, 6. Such generalized interests, however, do not outweigh the right of access to judicial records, especially given that the records at issue were integral to the August 16, 2013, order. See IDT Corp., 709 F.3d at 1224 ("[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." (citations and internal quotation marks omitted)). As a result, the court concludes that it is appropriate to unseal the documents specifically requested by the Star Tribune. See ECF Nos. 176-78, 182, 184-85, 189-90, 198. The court will allow the parties

---

[3] Defendants also argue that the Star Tribune should not be allowed to intervene because "there is no live matter before this [c]ourt." Mem. Opp'n 4. The court disagrees. Members of the news media may object to limits on access to judicial proceedings even after the proceedings have concluded. See Pansy v. Borough of Stroudsburg, 23 F.3d 772, 779 (3d Cir. 1994) ("[T]o preclude third parties from challenging a confidentiality order once a case has been settled would often make it impossible for third parties to have their day in court to contest the scope or need for confidentiality."). As a result, the court finds that the dismissal of the matter does not preclude the Star Tribune from intervening as requested.

3

fourteen days in which to request specific redactions from the documents at issue.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The motion to intervene for the limited purpose of seeking public access to court records and for access to specified court records [ECF No. 203] is granted in part, consistent with this order;

2. The parties may request specific redactions from the documents by 5:00 p.m. on January 16, 2014.

3. Thereafter, the court will unseal the documents at issue, subject to any approved redactions.

Dated:  January 2, 2014

    s/David S. Doty
    David S. Doty, Judge
    United States District Court