UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 09-2941(DSD/SER)

Michael Patrick Keefe, an
individual,

        Plaintiff,

v.                                       **ORDER**

City of Minneapolis and Tim
Dolan, Minneapolis Chief of
Police, personally and in
his official capacity,

        Defendants.

    This matter is before the court upon (1) the request by defendants City of Minneapolis and Tim Dolan (collectively, defendants) to redact portions of court records and (2) the motion by defendants to redact the transcript of the March 8, 2013, hearing. Based on a review of the file, record and proceedings herein, and for the following reasons, the court grants in part the request to redact court records and denies the motion to redact the transcript.

    The background of this matter is fully set out in previous orders, and the court summarizes only those facts necessary for disposition of the instant motion and request. On June 16, 2010, the parties stipulated to a protective order, which designated as confidential "private personnel data about City employees other than Plaintiff and not bearing directly on Plaintiff's claims in this lawsuit." ECF No. 15, at 5. On December 31, 2012, defendants filed a motion for summary judgment. ECF No. 174. In

connection with that motion, the parties filed several memoranda, affidavits and declarations under seal.  See ECF Nos. 176-78, 182, 184-85, 189-90, 198.  On August 16, 2013, in a sealed order, the court granted in part the motion for summary judgment and remanded the remaining state-law claims to Minnesota state court. ECF No. 198.  Keefe appealed to the Eighth Circuit Court of Appeals.  ECF No. 200.

On September 26, 2013, movant Star Tribune Media Company, LLC (Star Tribune) filed a motion to intervene to unseal the summary judgment order and the sealed memoranda, affidavits and declaration.  On January 2, 2014, the court granted in part the motion to intervene and allowed the parties to request specific redactions from the documents.  On January 31, 2014, in a voluminous production to the court, defendants submitted thousands of pages of requested redactions.  Additionally, on January 17, 2014, defendants moved to redact the transcript of the March 8, 2013, hearing on the motion for summary judgment.

**I.   Proposed Redactions**

In their submission to the court, defendants color-coded their proposed redactions based on the subject of the information: (1) pink for requested redactions relating to data regarding Keefe, (2) yellow for requested redactions relating to data regarding other individuals and (3) orange for requested redactions relating to data regarding both Keefe and others.  As

a threshold matter, Star Tribune argues that any proposed redaction of data relating to Keefe is improper, as Keefe has consented to the release of his information.  The court agrees.  Indeed, Keefe filed a memorandum in support of Star Tribune's motion to unseal the record.  ECF No. 212.  Further, Keefe had the opportunity to request specific redactions and declined to do so.  See ECF No. 218, at 4.  Such implied consent precludes any redactions of data regarding Keefe's employment.  See Johnson v. Baltimore City Police Dept., No. ELH-12-2519, 2013 WL 497868, at *5 (D. Md. Feb. 7, 2013) ("Arguably, plaintiff has waived any interest in the confidentiality of her own personnel records ... by challenging the [department's] employment decisions in court, thereby placing her personnel records in issue." (citation omitted)).  As a result, the court denies all proposed redactions relating to Keefe.

Defendants argue that their remaining proposed redactions relate in part to allegations of misconduct against employees that have not resulted in final discipline.  Specifically, defendants argue that such information is implicitly private because the Minnesota Government Data Practices Act (MGDPA) provides only that "the *final* disposition of any disciplinary action" against a public employee is public information.  Minn.

Stat. § 13.43, subdiv. 2(5) (emphasis added).[1]  Such an argument is unavailing.  Even if such information is considered private under the MGDPA, the Act expressly contemplates that otherwise private information may be released in connection with judicial proceedings.  Id. § 13.43, subdiv. 4.  Moreover, such a statutory classification does not automatically merit an order sealing judicial proceedings.  Cf. Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1185 (9th Cir. 2006) ("Neither will it suffice to show ... that a document merits sealing because it would be exempt from disclosure under the Freedom of Information Act ....  Such exempt documents are not automatically privileged in civil discovery." (citations omitted)).  Further, the court has already determined that such generalized interests are insufficient to outweigh the right of access to judicial records.  See ECF No. 218, at 3.  As a result, the court denies all proposed redactions relating to allegations of misconduct of public employees.

Defendants also propose redactions relating to (1) the identities of undercover law enforcement officers and informants and (2) employee health data.  Star Tribune concedes - and the court agrees - that at this stage in the proceedings, those two categories may remain redacted.  As a result, the court grants

---

[1] The MGDPA, however, classifies as public "the existence and status of any complaints or charges against the employee, regardless of whether the complaint or charge resulted in a disciplinary action."  Minn. Stat. § 13.43, subdiv. 2(4).

the portion of the request relating to (1) identities of undercover law enforcement officers and informants and (2) employee health data.  As already explained, the court denies all other portions of the request.

**II. Transcript**

Defendants also move to redact portions of the transcript of the March 8, 2013, hearing.  Specifically, defendants argue that certain statements made at the hearing are protected under the MGDPA.  See Minn. Stat. § 13.43 subdiv. 2.  Federal Rule of Civil Procedure 5.2(e)(1), however, requires "good cause [for] the court ... [to] order ... redaction of additional information" other than the social security numbers and data expressly protected by Rule 5.2(a).  "Ordinarily, good cause is satisfied if a clearly defined and serious injury ... would result from disclosure of the document."  Nycomed US, Inc. v. Glenmark Generics, Inc., No. 08-CV-5023, 2010 WL 889799, at *2 (E.D.N.Y. Mar. 8, 2010) (alteration in original) (citations and internal quotation marks omitted).  "Where the document sought to be shielded from disclosure is part of the official court file, the [c]ourt must consider the public's presumptive right of access to such materials in making its determination as to good cause."  Id.

Here, as already explained, the classification of the information under the MGDPA is irrelevant to whether such

statements should be redacted. Moreover, the statements were made in an open courtroom, and defendants have pointed to no clearly-defined or serious injury that would result from the release of these statements made in the public courtroom. As a result, defendants have not met their burden to demonstrate that such redactions are warranted, and the motion to redact the transcript is denied.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. The motion to redact the transcript of the March 8, 2013, hearing [ECF No. 225] is denied;

2. The request for proposed redactions is granted in part, consistent with this order. The parties are directed to publicly file documents 176, 177, 178, 182, 184, 185, 189 and 190. The parties may redact only such information (1) allowed by Rule 5.2(a), (2) relating to the identities of undercover law enforcement officers and informants and (3) relating to employee health data. Such filings are to be made by May 14, 2014;

3. The Clerk of Court is directed to publicly file the court's August 16, 2013, order [ECF No. 198] granting in part the motion for summary judgment.

Dated: May 7, 2014

                                         s/David S. Doty
                                         David S. Doty, Judge
                                         United States District Court